# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

**DARIUS L. GAMBLE,**

    **PLAINTIFF,**

**VS.**                                            **CV NO.:**

**SPIRE ALABAMA INC.,**

    **DEFENDANT.**                          **JURY TRIAL DEMANDED**

## COMPLAINT

### I.  JURISDICTION

1. This action for injunctive relief and damages is brought pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201, 2202 and 29 U.S.C. § 621. This is a suit authorized and instituted pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621, 626(d)(1), *et seq*. (ADEA). The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights and Defendant's violation of the Acts and for injunctive relief and damages.

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 28 U.S.C. §§ 2201 and 2202, 42 U.S.C. § 2000e *et seq*. This suit is authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, the "Civil Rights Act of 1991;" 42 U.S.C. § 2000e, *et seq*. (Title VII). The jurisdiction of this Court is invoked to secure

protection of and to redress deprivation of rights secured by Title VII providing for injunctive and other relief against sex discrimination.

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. District Court jurisdiction exists pursuant to 29 U.S.C. §§ 206, 216(b) and 217 and 28 U.S.C. § 1331. The jurisdiction of this Court is invoked to secure the protection and redress the deprivation of rights secured by the FLSA and specifically the rights secured by the Equal Pay Act.

4. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the last discriminatory act (Exhibit A). Plaintiff further filed this lawsuit within ninety (90) days after receipt of the right-to-sue letter issued by the EEOC (Exhibit B).

## II. PARTIES

5. Plaintiff, Darius L. Gamble, (hereinafter "Plaintiff") is a resident of Gardendale, Jefferson County, Alabama, and performed work for the Defendant in the counties composing the Northern District of Alabama during the events of this case. Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Northern District, Southern Division.

6. Defendant Spire Alabama Inc. (hereinafter "Defendant") is a company registered and doing business in the State of Alabama and has sufficient minimum

contacts with the State of Alabama that it is subject to service of process in Alabama. Defendant is an entity subject to suit under 28 U.S.C. § 1331 and 29 U.S.C. § 621(a)(2), 42 U.S.C. § 2000e *et seq*. and 29 U.S.C. § 201, *et seq.* Defendant employed at least twenty (20) persons during the current or preceding calendar year. Therefore, this Court has personal jurisdiction over Defendant.

7. Defendant Spire Alabama Inc. ("Defendant") is a company registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama that it is subject to service of process in Alabama. Defendant is engaged in commerce from the production of goods as contemplated by 29 U.S.C. §§ 203(r), 203(s). Therefore, this Court has jurisdiction over Defendant.

### III. STATEMENT OF FACTS

8. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 7 above.

9. Plaintiff is a male.

10. At the time of the continuing tangible adverse job action that is the subject of this action, Plaintiff was forty-four years of age.

11. Plaintiff began his employment with Defendant's predecessor Alagasco on or about August 20, 2010.

12. Defendant purchased Alagasco and changed the company's name to Spire sometime during 2017.

13. Defendant initially employed Plaintiff as a Customer Service Representative.

14. During 2013, Defendant moved Plaintiff to its Human Resources Department.

15. At the time of the 2013 transfer to its Human Resources Department, Defendant employed Plaintiff as an Mgr. Trainee Employment.

16. Defendant promoted Plaintiff to Employee Partner I and later promoted to H.R. Generalist.

17. While in the position of HR Generalist, Defendant paid Plaintiff an annual salary of $63,194.

18. In December 2017, Plaintiff earned a Professional Human Resources ("PHR') certification from the HR Certification Institute

19. During 2018, Defendant interviewed Brittany McAway for the position of H.R. Business Partner.

20. As part of the 2018 interview process, McAway provided Defendant with a resume.

21. During 2018, Defendant interviewed Plaintiff for the position of H.R. Business Partner.

22. During April 2018, Defendant selected Plaintiff for the position of H.R. Business Partner.

23. During 2018, Defendant promoted Plaintiff to the position of "HR Business Partner."

24. Upon the promotion to "HR Business Partner," Defendant paid Plaintiff an annual salary of $68,100.

25. Defendant's compensation of $68,100 was the minimum salary for Grade 8 for 2018.

26. During November 2019, Defendant increased Plaintiff's annual salary, due to his previous year's performance in the position of HR Business Partner, to $72,599.

27. During late 2019, Defendant interviewed Brittany McAway again for the position of H.R. Business Partner.

28. During her 2019 interview process, McAway provided Defendant with another resume.

29. McAway's resume provided to Defendant during 2019 is virtually identical to the McAway's resume provided to Defendant during 2018.

30. On or about December 16, 2019, Defendant hired Brittany McAway to work as a HR Business Partner.

31. McAway is a female.

32. On or about December 16, 2019, McAway was under forty years of age.

33. At the time of her hire, Brittany McAway had equal or lesser experience than Plaintiff; specifically in that Plaintiff had extensive time working for a natural gas and utility provider wherein many of its employees were subject to a collective bargaining agreement.

34. At the time of her hire, Brittany McAway had no professional certifications, and upon information and belief, has no professional certification as of the date this Complaint is filed with the Court.

35. Upon information and belief, at the time of her hire, Defendant paid Brittany McAway an annual salary of approximately $95,000.

36. Brittany McAway and Plaintiff have the same job title and perform the same duties and undertake the same responsibilities.

37. Defendant does not use a seniority system to determine compensation for HR Business Partners, and even if it did, Plaintiff has more seniority than Brittany McAway.

38. Defendant does not use a merit system to determine compensation for HR Business Partners.

39. Defendant does not use a system that measures the quantity of HR Business Partners production or the quality of HR Business Partners' production.

40. During Plaintiff's two years of service as a HR Business Partner, Defendant's managers have issued performance reviews to Plaintiff showing that he provided a "Strong Impact."

41. Brittany McAway and Plaintiff both worked under the Director of Employee Relations Stephen Mills.

42. Defendant's Director of Employee Relations, Stephen Mills, made the decision to set Plaintiff's rate of pay.

43. Defendant's Director of Employee Relations, Stephen Mills, made the decision to set McAway's rate of pay.

44. Mills left the position and Defendant hired Heather Lopez to work in his place.

45. After Defendant hired Lopez, McAway and Plaintiff both reported to Ken Nichols.

46. Plaintiff filed his Charge of Discrimination on May 15, 2020.

47. On or about June 20, 2020, Defendant provided a position statement to the Equal Employment Opportunity Commission.

48. Defendant asserted that that "[t]he compensation received by [Plaintiff] also falls within Spire's compensation practices. The market rate for the position of Human Resources Business Partner is $85,000, and Spire's compensation

philosophy provides that compensation within 20% of the market rate is competitive."

49. Defendant misstated its own policy when responding to the EEOC as its documentation provided to Plaintiff stated: "Pay Philosophy: Spire as an organization aims to position total direct compensation for all employees at or near competitive market median pay levels. +/- 15% of midpoint is considered to be within the competitive range. However, this does not mean that all positions need to be positioned at the high or low end of the range. …" (See Exhibit C).

50. Mr. Gamble and Ms. McAway work the same position of HR Business Partner.

51. Pursuant to Defendant's compensation system, Mr. Gamble's position as HR Business Partner is a Grade 8.

52. Pursuant to Defendant's compensation system, Ms. McAway's position as HR Business Partner is a Grade 8.

53. Pursuant to Defendant's compensation system, the 2019 midpoint compensation for a Grade 8 employee is $92,510.

54. Pursuant to Defendant's compensation system, the 2020 midpoint compensation for a Grade 8 employee is $94,400.

55. Pursuant to Defendant's compensation system, Defendant failed to pay Plaintiff pursuant to its stated policy of +/-15% and its misstated policy of +/-20%:

| 2019 | Bottom of Midpoint | Midpoint | High of Midpoint | Gamble Salary | Gamble Minimum Shortfall |
|---|---|---|---|---|---|
| 15% Differential | $ 78,633.50 | $ 92,510.00 | $ 106,386.50 | $ 72,599.00 | $ (6,034.50) |
| 20% Differential | $ 74,008.00 | $ 92,510.00 | $ 111,012.00 | $ 72,599.00 | $ (1,409.00) |
| 2020 | | | | | |
| 15% Differential | $ 80,240.00 | $ 94,400.00 | $ 108,560.00 | $ 72,599.00 | $ (7,641.00) |
| 20% Differential | $ 75,520.00 | $ 94,400.00 | $ 113,280.00 | $ 72,599.00 | $ (2,921.00) |

56. On or about November 18, 2020, Defendant's President and Chief Executive Officer Suzanne Sitherwood signed a letter informing Plaintiff that Defendant raised Plaintiff's annual salary from $72,599 to $85,000.

57. Plaintiff's current annual salary of $85,000 is still below McAway's annual salary of $95,000.

58. Upon information and belief, Defendant raised McAway's annual salary during November 2020.

### IV. COUNT ONE – Age Discrimination (ADEA) – Discriminatory Pay Practices

59. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1, 4-6, and 10-58 above.

60. At the time of the continuing tangible adverse job action of discriminatory pay practices that is the subject of this action, Plaintiff was forty-four years of age.

61. On or about December 16, 2019, McAway was under forty years of age.

62. Defendant's actions in paying Plaintiff, a person over the age of forty, a lesser salary than McAway, a person under the age of forty for performing the same job, for nearly identical conduct, was a violation of the ADEA.

63. As a result of Defendant's violation of ADEA, Plaintiff has been damaged, suffering loss of pay and benefits.

## V. COUNT TWO – Title VII – Sex Discrimination - Discriminatory Pay Practices

64. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 2, 4-6, and 10-58 above.

65. Plaintiff is a male.

66. McAway is a female.

67. Defendant's President and Chief Executive Officer Suzanne Sitherwood ratified and continued Defendant's discriminatory pay policy.

68. Defendant's decision to pay Plaintiff, a male, a lesser salary than McAway, a female, for performing the same job with the same duties and responsibilities was, in whole or in part, because of his sex and therefore a violation of Title VII.

69. As a result of Defendant's violation of Title VII, Plaintiff has been damaged, suffering loss of pay, benefits, mental anguish.

## VI. COUNT THREE – EQUAL PAY ACT

70. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 3, 5-7, and 10-58, above.

71. Plaintiff performed work for the Defendant in the counties composing the Northern District of Alabama during the events of this case. Plaintiff was an employee within the contemplation of 29 U.S.C. § 203(e)(1). Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Northern District, Southern Division.

72. During the three years preceding the filing of this Complaint, Defendant is an enterprise engaged in commerce or the production of goods in commerce as defined by 29 U.S.C. 203(s)(1).

73. During the three years preceding the filing of this Complaint, Defendant has been a company wherein two or more employees, including the Plaintiff, are engaged in interstate commerce and whose employees handle and/or work on goods that have been moved in and/or produced in commerce.

74. Defendant's gross annual volume of revenue exceeds $500,000.

75. At all times relevant to this action, Defendant was an employer of Plaintiff as defined by 29 U.S.C. § 203(d).

76. At all times relevant to this action, Defendant was an employer of McAway as defined by 29 U.S.C. § 203(d).

77. During the two years preceding the filing of this Complaint, Plaintiff was an employee of Defendant as defined by 29 U.S.C. § 203(e)(1).

78. During the two years preceding the filing of this Complaint, McAway was an employee of Defendant as defined by 29 U.S.C. § 203(e)(1).

79. Plaintiff is a male.

80. McAway is a female.

81. Defendant's decision to pay Plaintiff, a male, a lesser salary than McAway, a female, for performing the same job with the same duties and responsibilities is a violation of the Equal Pay Act.

82. As a result of Defendant's violation of the Equal Pay Act, Plaintiff has been damaged, suffering loss of pay and benefits.

## VII. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A. The Court issue proper process to compel Defendant to answer or otherwise plead to the allegations contained in the Complaint;

B. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant and at the Defendant's request from continuing to violate the terms of the ADEA;

  C. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant and at the Defendant's request from continuing to violate the terms of the Title VII of the Civil Rights Act of 1964;

  D. Award him back pay, together with employment benefits, liquidated damages (as permitted by both the ADEA and Equal Pay Act); compensatory damages (as permitted by Title VII); punitive damages (as permitted by Title VII) special damages; nominal damages;

  E. Attorneys' fees and costs;

  F. Plaintiff requests that the Court award Plaintiff equitable relief pursuant to 28 U.S.C. § 2201 and 29 U.S.C. § 626 that the actions of Defendant violated the law; and,

  G. Any different or additional relief as may be determined by the Court to which Plaintiff is entitled.

*/s/ Allen D. Arnold*

_____
Allen D. Arnold

**OF COUNSEL:**
ALLEN D. ARNOLD, Attorney at Law
6 Office Park Circle, Suite 209
Mountain Brook, AL 35223
T: (205) 252-1550
F: (205) 502-4476
ada@allenarnoldlaw.com

## PLAINTIFF REQUESTS TRIAL BY STRUCK JURY

_____
OF COUNSEL

**DEFENDANT'S ADDRESS:**
Spire Alabama Inc.
c/o Incorp Services Inc.
4037 U.S. 231, Ste. A
Wetumpka, AL 36093